IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LISA R. ASKEW )
)
v. ) NO. 3-13-0629
) JUDGE CAMPBELL
ELITE NAILS )

MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 24) and Plaintiff's Motion for Summary Judgment (Docket No. 27). For the reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 24) is GRANTED in part and DENIED in part, and Plaintiff's Motion for Summary Judgment (Docket No. 27) is DENIED.

FACTS

Plaintiff, a resident of Murray, Kentucky, filed this action in Montgomery County Circuit Court, Clarksville, Tennessee. Defendant is a sole proprietorship in Montgomery County. Plaintiff's Complaint alleges that Defendant is liable for negligence in its providing of a pedicure to Plaintiff which allegedly caused injury and illness to Plaintiff. Plaintiff also contends that Defendant is liable for negligence per se for violating certain state statutes governing those engaging in cosmetology in Tennessee. Plaintiff asserts that she is entitled to both compensatory and punitive damages.

Defendant removed the action to this Court, based upon diversity jurisdiction and has now moved for summary judgment on all of Plaintiff's claims. Plaintiff has moved for summary judgment on the issue of liability.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has conceded that the pedicure in question did not cause her neuropathy or cardiac problems. Docket No. 33, ¶¶ 4 and 5. Therefore, Defendant's Motion for Summary Judgment on those two claims is GRANTED, and those two claims are DISMISSED.

2

Defendant also argues that Plaintiff cannot show causation with regard to her infection. In order for there to be a cause of action for negligence, the following elements must be established: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. *Kellner v. Budget Car and Truck Rental*, 359 F.3d 399, 403 (6th Cir. 2004) (citing *Bennett v. Putnam County*, 47 S.W.3d 438, 443 (Tenn. Ct. App. 2000)). Moreover, the law requires a plaintiff seeking to recover damages resulting from a personal injury to present competent expert testimony to establish that the plaintiff's physical injury was in fact caused by the incident at issue. *Klamborowski v. Johnson*, 2014 WL 2002140 at * 4 (Tenn. Ct. App. May 13, 2014) (citing *Miller v. Choo Choo Partners, LP*, 73 S. W. 3d 897, 901 (Tenn. Ct. App. 2001)).

Defendant argues that the opinion of Plaintiff's expert, Dr. Christopher Trabue, about causation is speculative at best. Although Dr. Trabue states in his expert report that he believes Plaintiff's pedicure led to her acute (and chronic) paronychia, cellulitis and hospitalization in July 2012 (Docket No. 24-1), he testified in deposition that there is no evidence of what the pathogen (bacteria) was and, therefore, there is little to go on in terms of knowing the source of the infection. Docket No. 24-2, p. 9. Dr. Trabue also testified that it is not clear what the source of the bacteria was (*Id*., p. 10) and he is not able to tell exactly when the bacteria entered Plaintiff's body. *Id*., p. 11.

Defendant's expert, Dr. Kerry Cleveland, opined that it seemed likely that development of Plaintiff's paronychia was related to the nail procedure. Docket No. 27-3. Dr. Cleveland also stated that the cellulitis likewise was related to the paronychia of the pedicure, but the unknown infecting microorganism could also have gained entry into her skin via other portals of entry. *Id*. Dr.

3

Cleveland wrote that other comorbid factors related to Plaintiff's health could have caused or contributed to the infection. *Id.*

Defendant objects to Plaintiff's reliance upon Defendant's expert's report. Defendant filed a Notice, however, which stated that Defendant's expert would file a letter with a complete statement of the opinions he would express and the basis and reasons for said statements and opinions. Docket No. 19. The letter at Docket No. 27-3 is apparently that letter.

The Court finds that there are genuine issues of material fact as to whether Plaintiff can show that something about the pedicure at issue caused her paronychia and cellulitis. Defendant may attack Plaintiff's expert through cross-examination, but the jury will need to assess credibility and find the facts necessary to prove causation.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. Plaintiff's claims related to neuropathy and cardiac problems are DISMISSED.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

For the same reasons Defendant's Motion for Summary Judgment must be denied as to causation, so should Plaintiff's. Plaintiff also argues that Defendant is guilty of negligence per se for violating certain state statutes.

The doctrine of negligence per se permits a plaintiff to satisfy the breach element of a negligence action by substituting the violation of a statutorily imposed duty for the reasonable person standard. *Brown v. City of Memphis*, 440 F.Supp.2d 868, 875 (W.D. Tenn. 2006). The statutes do not create a private right of action but, rather, a possible standard of care to prove a case of negligence. Moreover, Plaintiff has not shown that Defendant violated the statutes at the time of and in connection with her pedicure.

4

Accordingly, because there are genuine issues of material fact as to whether Defendant breached a duty to Plaintiff and whether any such breach proximately and in fact caused Plaintiff's injuries, Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE